UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER CALLOWAY,

      **Plaintiff,**

                                   **Case Number:**

**v.**

**SUN CITY HOSPITAL, INC., d/b/a
SOUTH BAY HOSPITAL CENTER
FOR JOINT AND SPINE CARE.**

      **Defendant.**

_____/

## COMPLAINT & JURY DEMAND FOR JURY TRIAL

1. Plaintiff, Jennifer Calloway, sues Defendant, SUN CITY HOSPITAL, INC., d/b/a SOUTH BAY HOSPITAL CENTER FOR JOINT AND SPINE CARE., for violating the Family Medical Leave Act. This is action for an amount that exceeds $134,021.12, exclusive of attorney's fees, interest, and costs.

### Parties and Jurisdiction

2. Plaintiff is a qualified woman with a disability and resident of Hillsborough County, Florida.

3. Defendant is a for profit corporation headquartered in Hillsborough County, Florida.

4.  Defendant is incorporated in Hillsborough County, Florida.

5.  Defendant operates and maintains a medical services company in Hillsborough County, Florida.

6.  Defendant conducts business in among other places, Hillsborough County, Florida.

7.  Defendant employed Plaintiff in its offices located in Hillsborough County, Florida.

8.  Defendant is an employer as defined by the Family and Medical Leave Act ("FMLA").

9.  Defendant employs more than fifty (50) persons within a seventy-five (75) mile radius of its headquarters located in Hillsborough County, Florida.

10. The Court has jurisdiction as the unlawful employment practices took place in Hillsborough County, Florida.

11. This civil action is premised upon violations of the FMLA.

<u>Factual Allegations</u>

12.  Plaintiff began working for Defendant eleven (11) years ago on or about January 2010.

13.  On or about August 8, 2020, Plaintiff transferred to Defendant's Hillsborough County, Florida location.

14.     Plaintiff was employed by Defendant as a full-time employee and worked more than 1,250 hours during each year of her employment with Defendant.

15.     On or about March 4, 2021, while employed by Defendant, Plaintiff experienced a medical emergency and suffered from a serious medical condition.

16.     On March 7, 2021, as a result of her medical condition, Plaintiff applied for and received job protected medical leave pursuant to the FMLA.

17.     Defendant was aware of Plaintiff's March 7, 2021, FMLA leave because Plaintiff advised the Defendant in their meeting on March 4, 2021, that she was desiring to take FMLA leave to treat her medical condition.

18.     More importantly, Plaintiff's direct manager, Chief Nursing Officer, Misty Steffen, was intimately aware of Plaintiff's mental health conditions.

19.     After Plaintiff applied for her initial FMLA leave, Defendant retaliated against Plaintiff by writing Plaintiff up for "poor performance."

20.     Plaintiff had not been written up for "poor performance" prior to her initial March 7, 2021, FMLA leave request.

21.     Plaintiff's leave under the FMLA expired on May 26, 2021. On or about May 30, 2021, Defendant contacted the Plaintiff and requested a conference to discuss her job performance from December 2020.

22.     On or about June 3, 2021, Plaintiff attended a conference with Defendant Chief Nursing Officer, Misty Steffen and Defendant Human Resource Representative, Beth Atkins.   During the conference, Plaintiff advised she would be needing to take a brief leave of absence pursuant to the Americans with Disabilities Act to continue to treat her medical condition.

23.     Plaintiff informed her manager, Ms. Steffen, that Plaintiff had a medical emergency and needed to take disability leave treat her mental health.

24.     Plaintiff's request for time off was a protected activity as defined by the Americans with Disabilities Act.

25.     Ms. Steffen was upset to learn that Plaintiff had a medical condition and that Plaintiff had already taken FMLA leave in 2021, in order to treat her mental health condition.

26.     In fact, in response to Plaintiff requesting FMLA leave to treat her medical condition, Ms. Steffen said to Plaintiff "I feel like you're just going to string us along, therefor we are reluctant to provide you leave".

27.     Ms. Steffen was further upset that Plaintiff requested additional leave under the Americans with Disabilities Act.

28.     Ms. Steffen was upset because she did not want Plaintiff to take more time after her FMLA leave expired.

29.     Specifically, Ms. Steffen said to Plaintiff "I feel like you're going to string us along", in response to Plaintiff requesting FMLA leave to treat her medical condition.

30.     Defendant only complained about Plaintiff's performance after Plaintiff disclosed that she had a medical disability and that she desired to take a medical leave pursuant to the Americans with Disabilities Act.

31.     Ms. Steffen Was upset that Plaintiff applied for and granted FMLA leave. Ms. Steffen did not want Plaintiff to take additional time off under the Americans with Disabilities Act.

32.     Defendant discouraged Plaintiff from taking FMLA leave.

33.     Defendant is a knowledgeable and sophisticated employer regarding the FMLA.

34.     Defendant did not want Plaintiff to take a second FMLA leave and instead wanted Plaintiff to continue to work without treating her serious medical condition.

35.    On June 7, 2021, Defendant informed Plaintiff that she was being terminated for poor performance incident that took place in December 2020, and that Plaintiff would no longer be employed by Defendant.

36.    Defendant terminated Plaintiff's employment in order to prevent Plaintiff from taking medical leave under the Americans with Disabilities Act following her FMLA leave.

37.    Defendant terminated Plaintiff's employment in order to punish Plaintiff for taking FMLA leave.

38.    Defendant terminated Plaintiff approximately two months after she advised the Defendant of her serious medical condition. When Defendant terminated Plaintiff, Plaintiff was in the process of receiving mental health treatment for her medical conditions. It was obvious that Plaintiff was going to yearned additional medical leave under the Americans with Disabilities Act.

39.    Defendant's statement to Plaintiff that Plaintiff was going to "string Defendant along", clearly identifies Defendant's hostile attitude towards Plaintiff's FMLA leave request.

40.    Defendant willfully terminated Plaintiff's employment in order to punish Plaintiff for taking FMLA leave and to prevent Plaintiff from taking leave under the Americans with Disabilities Act.

41.     Because Plaintiff is a qualified individual with a disability, she was entitled to medical leave under the Americans with Disabilities Act.

42.     Defendant terminated Plaintiff's employment in order to prevent Plaintiff from taking another leave under the Americans with Disabilities Act.

43.     Prior to Plaintiff informing Defendant that she had a medical condition, Defendant did not advise or otherwise indicate to Plaintiff that Plaintiff's employment was in danger due to poor performance, or that Plaintiff was at risk of losing her job. Otherwise stated, Plaintiff had no reason to fear for her job immediately prior to informing Defendant that she had a serious medical condition and Plaintiff had no reason to believe she would be terminated by Defendant.

44.     Defendant employed at all material times at least 50 employees within a 75-mile radius of its headquarters at 4016 Sun City Center Blvd, Sun City Center, Florida 33573.

45.     The FMLA requires qualifying employers with at least 50 employees within a 75-mile radius to provide up to 12 weeks of job-protected leave to full-time employees who have medical conditions. Covered employers are prohibited from denying, interfering with, or taking

retaliatory measures in connection with an employee's rights under the FMLA.

46.    Defendant intentionally interfered with Plaintiff's FMLA rights by terminating Plaintiff in violation of FMLA.

47.    Plaintiff has suffered damages as a result of Defendant's actions, including but not limited to back pay, front pay, costs, attorney's fees and liquidated damages.

48.    Defendant willfully violated the FMLA because Defendant is a sophisticated employer with a director of human resources on staff. Ms. Steffen is a Chief of Nursing expert and is well versed in the FMLA. Additionally, Defendant was aware of Plaintiff's medical condition because Plaintiff advised Ms. Steffen on March 4, 2021 and June 3, 2021, Plaintiff had communicated her desire to take additional leave following the medical treatment she was receiving since the FMLA began in March 2021.

49.    Defendant acted in reckless disregard of its duties under the FMLA. Rather than discussing Plaintiff's foreseeable FMLA leave requests with Plaintiff and analyzing Plaintiff's entitlement to FMLA leave, Defendant terminated Plaintiff's employment based on a pretextual allegation that Plaintiff's position was being eliminated. Defendant then backfilled Plaintiff's position within two weeks of Plaintiff's termination,

which is further evidence of the pretextual nature of Defendant's reason for termination.

50.    Defendant did not have a legitimate reason to interfere with Plaintiff's rights and Defendant violated the FMLA by terminating Plaintiff for taking medical leave under the FMLA.

51.    Defendant also violated Plaintiff's rights by terminating Plaintiff's employment because Plaintiff sought to take medical leave under the Americans with Disabilities Act.

52.    Plaintiff is a qualified individual with a disability.

53.    Plaintiff was employed by Defendant.

54.     During Plaintiff's employment, Plaintiff informed Defendant of her serious medical condition.

55.    Plaintiff then made a reasonable request for an accommodation – brief medical leave to allow her to treat her disability.

56.    Plaintiff's reasonable request for an accommodation was a protected activity.

57.    Plaintiff was entitled to be accommodated because she made a reasonable request for accommodation.

58.    Defendant failed, refused, and neglected to accommodate Plaintiff and instead terminated her employment with extreme prejudice.

9

59.    Defendant breached its obligations under the Americans with Disabilities Act by failing, neglecting, or refusing to accommodate Plaintiff.

60.    Plaintiff was damaged by Defendant's failure to accommodate.

61.    Plaintiff demands trial by jury.

## COUNT I- FMLA RETALIATION

62.    Plaintiff hereby reincorporates all paragraphs 1-61 herein and states as follows.

63.    Plaintiff was employed by Defendant and had a medical condition during her employment.

64.    Plaintiff requested and was granted FMLA leave during her employment.

65.    Plaintiff's application for leave and time away from work under FMLA were protected activities.

66.    Defendant was upset that Plaintiff took FMLA leave during her employment.

67.    Defendant retaliated against Plaintiff by terminating her to punish Plaintiff for taking leave under FMLA.

68.    Defendant's termination of Plaintiff's employment was an adverse action.

69.    Plaintiff was damaged by Defendant's decision to terminate.

10

WHEREFORE, Plaintiff demands judgment for damages against

Defendant together with back pay, front pay, reinstatement, interest,

liquidated damages, costs and attorney's fees and other relief permitted by

law.

DATED this 23rd day of July, 2021.

**Respectfully,**

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road,
Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com